UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Evelio Mota and Mayko Mota, | ) | |
| on behalf of themselves and others | ) | |
| similarly situated, | ) | Case No. 16 cv 9753 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Celtic Environmental, Inc. | ) | |
| Celtic Environmental Company, | ) | |
| and Joseph Smrz, Jr., individually, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

**NOW COME** Plaintiffs, Evelio and Mayko Mota, on behalf of themselves and all others similarly situated, by their attorneys, Lisa L. Clay, Attorney at Law, and Juan M. Soliz & Associates, and allege as follows:

### INTRODUCTION

1.    Plaintiffs Evelio and Mayko Mota ("Mota" or "Motas") and others similarly situated perform asbestos abatement, lead mitigation, mold remediation, demolition and environmental clean-up work for Defendants.

2.    Defendants Celtic Environmental Company and Celtic Environmental market themselves as a veteran owned company whose mission is to provide "unparalleled

remediation and abatement services to our clients through exceptional performance and customer care."[1]

3.     Defendants have approximately 60 employees operating from multiple locations in Illinois.[2]

4.     Defendants routinely require Mota and others similarly situated to work in excess of 40 hours per week.

5.     At all relevant time periods herein, Defendants have paid their employees one check for up to 40 hours worked per week, and a second, non-payroll check, also in straight time, for all hours over 40 hours worked per week.

6.     At all relevant time periods herein, Defendants have paid two separate checks in order to avoid amounts for which they are legally obligated to pay overtime being run through their payroll system. See Exhibit 1.

7.     At all relevant time periods herein, Defendants have undertaken this pay system willfully, intentionally, and with knowledge of its unlawful purposes.

8.     The Motas brings this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the collective action provisions of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. ¶¶ 201, et seq.

---

[1] http://www.celticenvironmental.com/

[2] Upon information and belief, Defendants run a sister company, CEC Environmental, Inc., but those employees are part of a union and at this time are not part of the collective and class
[2] Upon information and belief, Defendants run a sister company, CEC Environmental, Inc., but those employees are part of a union and at this time are not part of the collective and class alleged herein.

9.      The Motas also bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all similarly situated current and former employees who worked for Defendants in Illinois, to remedy violations of the labor laws of Illinois, Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., and the Illinois One Day Rest in Seven Act, 820 ILCS 140.1, et seq.

10.     Through the conduct described in this Class and Collective Action Complaint, Defendants have violated state and federal law. Accordingly, the Motas, on behalf of themselves and all others similarly situated, bring these claims and seek unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which they and other employees are entitled.

**PARTIES**

11.     Celtic Environmental Inc. is an Illinois corporation with its principal office located at 6640 West 99th Place, Chicago Ridge, IL 60415 and operations at 8128 47th Street, Lyons, Illinois 60534.

12.     Celtic Environmental Inc. is the d/b/a of Celtic Environmental Inc., an Illinois corporation with its principal office located at 6640 West 99th Place, Chicago, Ridge, IL 60415 and operations at 8128 47th Street, Lyons, Illinois, 60534.

13.     Joseph Smrz, Jr. is the president and secretary of both Celtic Environmental Company and Celtic Environmental Inc. and the secretary of CEC Environmental, Inc.

14.     Smrz is an employer within the meaning of 29 U.S.C. § 203(d) because he has sufficient operational control over these Defendants.

15.     Through its own activities in Illinois and those of its agents, subsidiaries and divisions, Defendants have subjected themselves to the jurisdiction of the state of Illinois.

16.     Through the relevant period, Defendants employed the Motas and other similarly situated employees within the meaning of the FLSA and Illinois wage laws.

17.     Defendants are covered employers within the meaning of the FLSA and Illinois wage laws, pursuant to 29 U.S.C. § 203(d), 820 ILCS 105/3 and 820 ILCS 115/2.

18.     At all times relevant, Defendants maintained control, oversight and direction over the Motas and similarly situated employees.

19.     Defendants utilize the same "two check" payment policy with all of their non-union employees.

20.     At all times relevant Celtic Environmental Inc. and Celtic Environmental Company's annual gross volume of sales made or business done was significantly more than $500,000.00.

**JURISDICTION AND VENUE**

21.     This Court has subject matter jurisdiction over the Mota's federal claims pursuant to 28 U.S.C. ¶¶ 1331 and 1337 and also under the FLSA pursuant to 29 U.S.C. §216(b).

22.     This Court has supplemental jurisdiction over the Mota's state law claims pursuant to 28 U.S.C. ¶ 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

23.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts or omissions giving rise to claims to this Collective and Class Action Complaint took place in this judicial district and because it is where Defendants reside.

24.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

**COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

25.     The Motas bring their First Cause of Action pursuant to FLSA, 29 U.S.C. § 216(b),

on behalf of herself and all similarly situated persons who work or have worked for Defendants

in the state of Illinois, between October 15, 2013 and October 15, 2016, who elect to opt-in to

this action ("the FLSA Collective").

26.     All of the work that the Motas and the FLSA Collective have performed has been

assigned by Defendants.

27.     As part of their regular business practice, Defendants, collectively and

individually, intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy

of violating the FLSA with respect to the Motas and the FLSA Collective. This pattern, practice,

and/or policy includes, but is not limited to:

(a)     willfully failing to pay the Motas and members of the FLSA Collective overtime

wages for hours that they worked in excess of 40 hours per workweek;

(b)     paying the Motas and members of the FLSA Collective two checks – one for up to

40 hours and a second, non-payroll check for all hours over 40;

(c)     willfully failing to maintain proper payroll records of all of the time that its

employees, including the Motas and the FLSA Collective, have worked for the benefit of

Defendants.

28.     Defendants are aware or should have been aware that federal law required

them to pay employees an overtime premium for hours worked in excess of 40 hours per week.

29.     The Motas and the FLSA Collective all perform or performed the same primary non-exempt hourly laboring duties.

30.     Evelio and Mayko Mota consent to opt-in to be a party plaintiff herein. See Exhibit 2.

**CLASS-WIDE FACTUAL ALLEGATIONS**

31.     The Motas bring the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all persons who work or have worked for Defendants in the state of Illinois between October 15, 2013 and October 15, 2016 ("the Illinois Class").

32.     The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the Motas, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

33.     Upon information and belief, there are at least 50 members of the Illinois Class.

34.     Defendants and their agents acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

35.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

(a)     whether Defendants violated the Illinois wage laws as alleged herein;

(b)    whether Defendants violated Illinois law pursuant to 820 Ill. Comp. Stat. 105/4a by failing and/or refusing to pay the Motas and the Illinois Class earned overtime pay for hours worked in excess of 40 hours per workweek, and whether Defendants' policy of failing to pay the Motas and the members of the Illinois Class was instituted willfully or in reckless disregard of the law;

(c)    whether Defendants may have failed to keep true and accurate time and pay records for all hours worked by the Motas and the Illinois Class, and other records required by the Illinois wage law;

(d)    whether Defendants failed to comply with the posting and notice requirements of the Illinois wage laws;

(e)    the nature and extent of class-wide injury and the measure of damages for those injuries.

36.    The Mota's claims are typical of the claims of the Illinois Class. The Motas and all members of the Illinois class work, or have worked, for Defendants in Illinois.

37.    The Motas and members of the Illinois Class enjoy the same statutory rights under the IMWL to be paid overtime wages. The Motas and Illinois Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the IMWL. The Motas and the members of the Illinois Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

38.    Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

39.    Evelio Mota will fairly and adequately represent and protect the interests of the Illinois Class. Evelio understands that, as the class representative, he assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately. Evelio recognizes that as the class representative, he must represent and consider the interests of the Illinois Class just as he would represent and consider his own interests. Evelio understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Illinois Class. Evelio recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class. Evelio understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. There is no conflict between Evelio and the Illinois Class.

40.    Evelio has retained counsel competent and experience in class action employment litigation.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures, Class treatment is superior because it will obviate the need

for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FACTUAL ALLEGATIONS – EVELIO AND MAYKO MOTA

42.     At all relevant times, the Motas, the members of the Illinois Class, and the FLSA Collective (collectively "Class Members") were employees of Defendants.

43.     Defendants hired Evelio Mota as an Asbestos Removal Worker on or about March of 2008. He left employment on or about November 2010 and returned on or about March of 2013. He has been employed without interruption since that time.

44.     Defendants hired Mayko Mota as an Asbestos Removal Worker on or about January of 2013. He has been employed without interruption since that time.

45.     When the Motas and other class members present for work, they punch a time clock, but are only paid by the company payroll system for up to 40 hours. If they worked more than 40 hours in a week, they receive a separate non-payroll check several weeks or in some cases months after their original paycheck. The second check is also straight time, not time and a half as required by law.

46.     Upon information and belief, Defendants may not keep accurate records of hours worked by the Motas and the Class Members. It is unclear how Defendants keep track of hours worked over 40, since the Motas and the Class Members are only paid up to 40 hours on the payroll system despite working significantly more than 40 hours many weeks herein.

47.     Defendants know what they do is a violation of law. When the Motas and others complain, Defendants will pay them properly for a handful of weeks to shut them up, then

return to their prior improper practices until they receive another complaint. This has been going on since early 2016.

48. Defendants' violations have been willful and intentional. While they have known that the Motas and other employees regularly work more than 40 hours per week, and also known that those employees are entitled to time and a half for all hours worked over 40, Defendants have failed to pay time and a half for hours worked over 40 and have indeed gone to great lengths to hide their unlawful practice.

49. As a result of Defendants' willful violations of the FLSA and related Illinois wage laws, the Motas, the FLSA Collective and the Illinois Class have suffered damages in that they have not received proper compensation in accordance with the FLSA and the Illinois wage laws.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 20 U.S.C. ¶¶ 201 et seq.**
**On behalf of the Motas and the FLSA Collective**

50. The Motas reallege and incorporate by reference all preceding paragraphs herein.

51. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in the factual allegations contained above.

52. At all times relevant hereto, the Motas and the FLSA Collective were engaged in commerce and/or the production of sale or goods for commerce within the meaning of 29 U.S.C. §§ 203(b) and 207(a).

53. At all times relevant hereto, the Motas and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. § 203(e) and 207(a).

54.     At all times relevant hereto, Defendants have been employers of the Motas and the FLSA Collective members, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b) and 207(a).

55.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 207, and supporting federal regulations apply to Defendants and protect the Motas and the FLSA Collective.

56.     Defendants have failed to pay the Motas and the FLSA Collective overtime wages for hours that they worked in excess of 40 hours in a workweek and to which they are entitled under the FLSA.

57.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of the Motas and other similarly situated current and former employees.

58.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

59.     As a result of Defendants' actions and violations of the FLSA, the Motas and all other similarly situated employees have suffered damages by being denied overtime wages under the Fair Labor Standards Act.

60.     Based on the foregoing, Defendants' willful conduct in this regard entitles the Motas and other similarly situated employees who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Illinois wage laws:  820 ILCS 105/4 et seq; 56 Ill. Admin. Code § 210.400, et seq;**
**820 ILCS 115/1, et seq; 820 ILCS 140/1, et seq.**
**On behalf of the Motas and the Illinois Class**

61.     The Motas, on behalf of themselves and the Illinois Class, reallege and incorporate by reference all preceding paragraphs herein.

62.     Defendants have engaged in a widespread pattern and practice of violating the overtime provisions of the Illinois wage laws stated herein.

63.     At all relevant times, Defendants have been, and continue to be, employers within the meaning of the Illinois wage laws. At all relevant times, Defendants employed employees, including the Motas and the members of the Illinois Class, within the meaning of the Illinois wage laws.

64.     The Motas and the members of the Illinois Class are covered by the Illinois wage laws stated herein.

65.     The Illinois wage laws require Defendants to pay overtime compensation to all non-exempt employees for all hours worked over forty hours per workweek.

66.     Through the Illinois Class period, the Motas and the Illinois Class regularly worked in excess of forty hours in a workweek and are entitled to overtime compensation for all overtime hours worked.

67.     Defendants failed to pay the Motas and the Illinois Class earned overtime wages at a wage rate of one and half times their regular rate, a rate to which they are entitled under the Illinois wage laws.

68.     Defendants failed to pay the Motas and the Illinois Class within the 13 day time period, as required by the Illinois wage laws.

69.     Defendants may have failed to make and keep true and accurate records of the hours worked each day in each workweek by the Motas and the Illinois Class as required by the Illinois wage laws.

70.     As a direct and proximate result of the Defendants' unlawful conduct, as set forth above herein, the Motas and the Illinois Class have sustained damages, including but not limited to, loss of earnings for hours of overtime worked on behalf of Defendants, damages and penalties for late payments, pre-judgment interest, costs and attorneys' fees, pursuant to statute and other applicable law.

**WHEREFORE**, Plaintiffs Evelio and Mayko Mota respectfully request:

(a)     Entry of judgment for appropriate statutory penalties, including but not limited to the 2% described in Section 14 of the IWPCA;

(b)     Designation of this action as a collective action pursuant to he FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

(c)     Certification of the state law claims in this action as a class action pursuant to federal rule of civil procedure 23;

(d)     Designation of Plaintiff Evelio Mota as Class Representative;

(e)     Designation of the undersigned as Class Counsel;

(f)     Issuance of a declaratory judgment that the practices complained of herein are unlawful;

(g)     Entry of appropriate equitable and injunctive relief, including but not limited to an order enjoining Defendants from continuing their unlawful practices;

(h)     Entry of judgment for paid overtime wages under the Fair Labor Standards Act and the

Illinois wage laws;

(i)     Entry of judgment for liquidated damages under the Fair Labor Standards Act and the

Illinois wage laws;

(j)     Entry of judgment awarding pre-judgment and post-judgment interest for FLSA and

Illinois wage laws;

(k)     Entry of judgment reflecting a reasonable incentive award for Evelio Mota to

compensate him for the time and effort he spent protecting the interests of other employees,

and the risks he undertook under the FLSA;

(l)     Entry of judgment for attorneys' fees and costs under the Fair Labor Standards Act and

the Illinois wage laws;

(m)     Award of other relief the court deems just and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,

| | |
|---|---|
| _____/s/ Lisa L. Clay_____ | _____/s/ Juan M. Soliz_____ |
| Lisa L. Clay, Attorney at Law | Law Office of Juan M. Soliz & Associates |
| 345 North Canal Street, Suite C202 | 3203 S. Pulaski Road |
| Chicago, Illinois 60606 | Chicago, IL 60623 |
| 312.753.5302  (phone) | 773.277.6155 (phone) |
| lclayaal@gmail.com | 773.277.6157 (fax) |
| ARDC # 6277257 | lawsoliz@sbcglobal.net |
| | ARDC # 3123126 |