UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Evelio Mota and Mayko Mota, | ) | |
| on behalf of themselves and others | ) | |
| similarly situated, | ) | Case No. 16 cv 9753 |
| | ) | |
| Plaintiffs, | ) | District Judge Manish S. Shah |
| | ) | |
| v. | ) | Magistrate Mary M. Rowland |
| | ) | |
| Celtic Environmental, Inc. | ) | |
| Celtic Environmental Company, | ) | |
| and Joseph Smrz, Jr., individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO AMEND
AND MOTION FOR APPROVAL**
_____

NOW COME Plaintiffs, through counsel, and ask this Honorable Court to approve an individual settlement in this matter, and in support of such motion, state as follows:

**INTRODUCTION**

Named Plaintiffs Evelio Mota and Mayko Mota brought this action on behalf of themselves and others similarly situated under the FLSA and related state statutes seeking payment for (1) straight time hours paid as overtime and (2) hours they allege to have worked "off the clock" that were not part of Defendants' record of time worked. A settlement has been reached by the parties' respective counsel in which Plaintiffs Narcisso Mota, Victor A. Garcia, Isaias Rivera, and Jesus Ruiz wish to be joined. The parties now seek the Court's approval.

1

**THE OPT-IN PLAINTIFFS MAY BE JOINED AS PARTIES TO
EFFECTUATE THE AGREED-UPON INDIVIDUAL SETTLEMENT**

Opt-in plaintiffs, pursuant to Fed.R.Civ.P. 20, may be joined as parties because they "assert [a] right to relief … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and all such plaintiffs state identical claims of law and fact. Joinder is appropriate here where the parties seek individual settlement of FLSA claims that will provide all of the Named and Opt-in Plaintiffs comprehensive relief.[1]

**THE PROPOSED SETTLEMENT SHOULD BE APPROVED BECAUSE IT IS A FAIR AND REASONABLE
REOSLUTION TO A BONA FIDE DISPUTE BETWEEN THESE PARTIES.**

Plaintiffs, all now former employees of Defendants, allege that they were required to work hours before and after their scheduled shifts loading and unloading company vehicles, but that they were not paid for this time. Plaintiffs also allege that Defendants paid them straight time for all hours worked, rather than time and a half for hours worked over 40 in a week. Defendants deny Plaintiff's allegations. Counsel for the parties have engaged in significant formal and informal fact discovery which has included review of voluminous time and attendance records, including individual daily sign-in sheets, hand-written time cards and several years of payroll records. Counsel for the parties have worked diligently to address factual disputes in the most cost-effective manner, and have succeeded in fashioning a

---

[1] Because the case is being settled, Plaintiffs suggest that there is no need to file an amended complaint. If the Court nonetheless requires an amended complaint to name the opt-in Plaintiffs, Counsel requests that any Order entered hereto so reflect.

2

resolution that is fair and reasonable despite significant disagreement between the parties regarding the facts and the law and questions of liability and amounts owed.[2]

Approval should be granted where, as here, the settlement is a (1) fair and reasonable resolution of (2) a bona fide dispute between the parties to (3) contested litigation. *See Butler v. Am. Cable & Tel. LLC*, No. 09 cv 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011). As the Court has instructed, Plaintiffs' counsel has provided a copy of the Settlement Agreement by sending same to Judge Shah's proposed order mailbox for review.

The Court's analysis requires discussion of two issues: one, the existence of a bona fide dispute, and two, the fairness and reasonableness of the proposed settlement.

There are two bona fide disputes between these parties. First, Defendants contested both the collective nature of the claims and whether a two or three year look-back period was appropriate, and therefore contested Defendant's total exposure, assuming liability. Also, Plaintiffs have been, and to this day remain, adamant that they were required to work significant hours "off the clock" and were not paid for this time. Defendants just as adamantly dispute that. Significant discovery on that issue did not change Plaintiffs' position. This settlement resolves these contested issues.

The Settlement is fair and reasonable. It provides three years of overtime wages (calculated as the difference between straight time and overtime for all hours worked over 40 in a week-long period) and liquidated damages and also provides a supplemental amount, calculated as an agreed weekly amount of "off the clock" hours for each week worked. These

---

[2] Per the direction of the Court, a copy of the Settlement Agreement has been forwarded to Judge Shah's proposed order email box contemporaneously with the filing of this Motion for his review.

amounts were agreed upon after extensive and often contentious arm's lengths negotiations undertaken by the parties' counsel in good faith. Plaintiffs' counsel is satisfied that the amounts agreed upon represent fair compensation.

There can be no question that the settlement relates to contested litigation, given the answer filed by Defendants denying Plaintiffs' claims, and the discovery that has occurred since the Answer was filed.

One other factor weighs is favor of immediate approval of this settlement. The six plaintiffs are lower income individuals, some of whom have had difficulty replacing their former employment. Payment of the amounts negotiated on their behalf would be a welcome source of (albeit temporary) income.

## CONCLUSION

Through significant negotiations conducted by their counsel, the parties have reached a fair and reasonable settlement of bona fide disputes in contested litigation. The Agreement provides the named and opt-in Plaintiffs with significant monetary relief to which they would not otherwise be entitled. For all of the reasons described herein, the Court should approve the Settlement as proposed.

Respectfully submitted,

    /s/    Lisa L. Clay
Lisa L. Clay, Attorney at Law
345 North Canal Street, Suite C202
Chicago, Illinois 60606
312.753.5302
lclayaal@gmail.com
ARDC # 6277257

4

## CERTIFICATE OF SERVICE

Lisa L. Clay an attorney, certifies that on August 8, 2017 she served a copy of the foregoing **Plaintiff's Unopposed Motion to Amend and Motion for Approval** by filing same via the ECF filing system, to the following:

| | |
|---|---|
| James Wideikis | Irv Geslewitz |
| jwideikis@muchshelist.com | igeslewitz@muchshelist.com |

/s/  Lisa L.Clay